UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRY W. MOWATT, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>HAROLD CLARKE, *et al.*, )<br>)<br>Respondent. )<br>_____) | CASE NO.   C06-1590-JLR-JPD<br><br>ORDER DENYING PETITIONER'S<br>EMERGENCY MOTION FOR ORDER<br>REGARDING JURISDICTION<br>AND VENUE |

   This is a federal habeas action brought pursuant to 28 U.S.C. § 2254.  Petitioner, with the assistance of counsel, filed his federal habeas petition on November 2, 2006.  In his petition, petitioner identifies a 2000 King County Superior Court judgment as the judgment under attack.  Petitioner also indicates in his petition that he is currently serving his Washington State sentence at a private correctional facility in Florence, Arizona.  On November 3, 2006, this Court issued an Order directing that petitioner's petition be served on respondent, and that respondent file an answer to the petition within 45 days.

   On November 8, 2006, petitioner filed an "Emergency Motion for Order Regarding Jurisdiction and Venue."  In his motion, petitioner asks the Court to enter an order confirming that

ORDER DENYING PETITIONER'S
EMERGENCY MOTION FOR ORDER
REGARDING JURISDICTION AND
VENUE - 1

jurisdiction and venue are appropriate in this District rather than in the District of Arizona where petitioner is physically located at the present time.  Petitioner's counsel explains that his intention is to withdraw from this matter, now that the petition has been filed, but that he wishes to ensure there are no lingering procedural issues that might interfere with petitioner's ability to seek habeas relief in federal court.

The Court, having reviewed petitioner's federal habeas petition, petitioner's Emergency Motion for Order Regarding Jurisdiction and Venue, and the balance of the record, does hereby find and Order:

(1)     Petitioner's Emergency Motion for Order Regarding Jurisdiction and Venue (Dkt. No. 4) is DENIED.  The Court first notes that petitioner has now apparently filed a habeas petition in the District of Arizona.  (*See* Dkt. No. 9.)  The filing of the action in the District of Arizona effectively moots the instant motion as petitioner has now presumably secured the protection he sought by way of the instant motion.  However, even assuming petitioner's recent filing in Arizona does not moot the instant motion, the instant motion is unnecessary.

After petitioner filed his petition, but before the Court issued its Order directing service of the petition on respondent, the Court screened the petition and made a preliminary determination that the petition was properly filed in this District.  If, once an answer is filed, and the record is more fully developed, this Court determines that the petition was filed in the wrong district, the Court has the option to dismiss the petition or transfer it to the appropriate district.  *See* 28 U.S.C. § 1406(a).[1]  In this Court's view, if statute of limitations concerns are evident, the interests of justice would require transfer of the petition rather than dismissal.  Because the concerns raised by petitioner in his

---

[1] Section 1406(a) provides that when a case is filed in the wrong district, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

ORDER DENYING PETITIONER'S
EMERGENCY MOTION FOR ORDER
REGARDING JURISDICTION AND
VENUE - 2

emergency motion are addressed by the statutory provisions cited above, this Court declines to grant the extraordinary relief requested by petitioner.

(3)   The Clerk is directed to send copies of this Order to all counsel of record and to the Honorable James L. Robart.

DATED this 21st day of November, 2006.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

ORDER DENYING PETITIONER'S
EMERGENCY MOTION FOR ORDER
REGARDING JURISDICTION AND
VENUE - 3