UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRY W. MOWATT, ) | |
| ) | |
| Petitioner, ) | CASE NO.   C06-1590-JLR-JPD |
| ) | |
| v. ) | |
| ) | |
| HAROLD CLARKE, ) | ORDER RE: PETITIONER'S |
| ) | PENDING MOTIONS |
| Respondent. ) | |
| _____ ) | |

This is a federal habeas action brought pursuant to 28 U.S.C. § 2254.  This matter comes before the Court on petitioner's motion to withdraw and to appoint counsel and on petitioner's motion to stay and abate.  The Court, having reviewed petitioner's motions, does hereby find and ORDER as follows:

(1) Petitioner's motion to withdraw and to appoint counsel (Dkt. No. 11) is GRANTED in part and DENIED in part.  To the extent petitioner seeks an order allowing his counsel to withdraw from this action, petitioner's motion is GRANTED.

To the extent petitioner seeks appointment of substitute counsel under 18 U.S.C. § 3006A, his motion is DENIED.  There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required.  *See Terravona v. Kincheloe*, 852 F.2d 424, 429

ORDER RE: PETITIONER'S
PENDING MOTIONS - 1

(9th Cir. 1988); *Brown v. Vasquez*, 952 F.2d 1164, 1168 (9th Cir. 1992); and, Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts.  The Court may exercise its discretion to appoint counsel for a financially eligible individual where the "interests of justice so require." 18 U.S.C. § 3006A.  Petitioner has not demonstrated that the interests of justice require appointment of counsel at this juncture.  If the Court later determines that an evidentiary hearing is required, the Court will appoint counsel to represent petitioner so long as petitioner can demonstrate that he is financially eligible for such an appointment.

    (2)    Petitioner's motion to stay and abate (Dkt. No. 12) is STRICKEN.  Petitioner, by way of the instant motion, sought to "stay and abate" his federal habeas petition pending a ruling by the Washington Supreme Court on a motion to clarify which was filed by the State of Washington in petitioner's personal restraint proceedings.  Respondent, in his response to petitioner's motion, agreed that it was appropriate to stay and abate this action pending resolution of the motion to clarify.  The parties have advised this Court that the Washington Supreme Court has now ruled on the motion to clarify, and that this matter may therefore proceed.  Accordingly, petitioner's motion to stay and abate is moot.

    (3)    The Clerk is directed to send copies of this Order to all counsel of record and to the Honorable James L. Robart.

DATED this 22nd day of March, 2007.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

ORDER RE: PETITIONER'S
PENDING MOTIONS - 2