UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TERRY W. MOWATT,<br><br>    Petitioner,<br><br>  v.<br><br>HAROLD CLARKE,<br><br>    Respondent. | CASE NO. C06-1590JLR<br><br>ORDER OF DISMISSAL |

  The court has reviewed Petitioner Terry Mowatt's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254; the parties' submissions; the Report and Recommendation ("R&R") (Dkt. # 36) of the Honorable James P. Donohue, United States Magistrate Judge; the objections to the R&R and the papers responsive to those objections; and the balance of the record.  The court ADOPTS the R&R as MODIFIED below.

1.  Page 5, line 21 is modified to read: "b.  <u>Application of Standard to Petitioner's Claim Against Trial Counsel</u>".

2.  Page 6, n.1 is stricken and the succeeding footnotes are renumbered accordingly.

3.  Page 7, lines 16-17, the sentence beginning, "The prosecutor's case included . . . ." is stricken and replaced with the following: "The prosecutor's case included the victim's testimony that petitioner shot the victim four times in the back, an account he repeated to several people at the scene and in the hospital.  Furthermore, a

ORDER OF DISMISSAL – 1

witness observed what appeared to be petitioner's car parked at the curb prior to the shooting, heard gunshots, saw a person fitting petitioner's description drive away in the same car, and saw the victim lying in the street."

4. Page 8, line 1 is modified to add "of trial counsel" after the word "assistance."

5. Page 8, n.3, the final sentence is stricken and replaced with the following:

> Respondent is correct. In denying petitioner's motion to withdraw his guilty plea, the trial judge explicitly relied upon *Strickland* in his oral ruling and his findings of fact and conclusions of law. (*See* Dkt. # 17, Ex. 5 at 5-6; *id.*, Ex. 6 at 86-87). In affirming the trial judge, the appellate panel cited state law authorities that relied upon *Strickland* and *Hill v. Lockhart*, 474 U.S. 52 (1985). (*See id.*, Ex. 12 at 6). Because the state courts were clearly cognizant of the relevant United States Supreme Court authorities, the Court applies the deferential standard of review expressed in 28 U.S.C. § 2254(d) to petitioner's ineffective assistance of counsel claim. *See Early v. Packer*, 537 U.S. 3, 8 (2002) (holding that the state court need not explicitly cite to the governing Supreme Court precedents to trigger deferential review). The Court notes, however, that its conclusion would be the same were it to apply the *de novo* standard.

6. Page 8, the following is inserted after line 1:

> c. <u>Ineffective Assistance of Counsel in the Post-Conviction Collateral Proceedings</u>
> Petitioner contends that attorney James White provided ineffective assistance of counsel in his motion to withdraw his guilty plea and the appeal from the denial of that motion. (Dkt. No. 1 at 8; Dkt. No. 37 at 12). The Court rejects this argument.
> Motions to withdraw a guilty plea filed after judgment has been entered are governed by Washington Superior Court Criminal Rule ("CrR") 7.8. *See* CrR 4.2(f). CrR 7.8 motions are collateral review proceedings under Washington law. *See State v. Robinson*, 17 P.3d 653 (Wash. Ct. App. 2001) (treating defendant's CrR 7.8 motion to withdraw guilty plea and appeal of that motion as collateral action). "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i). "State collateral proceedings are not required as an adjunct to the state criminal proceedings and serve a different and more limited purpose than either the trial or appeal." *Murray v. Giarratano*, 492 U.S. 1, 10 (1989). There is no constitutional right to counsel in state collateral review proceedings. *See Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Where there is no right to counsel there can be no deprivation of effective assistance of counsel. *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982). Consequently, a habeas petitioner such as Mr. Mowatt cannot claim constitutionally ineffective assistance of counsel in state post-conviction collateral proceedings. *See Coleman*, 501 U.S. at 752; *Campbell v. Wood*, 18 F.3d 662, 677 (9th Cir. 1994) (en banc); 28 U.S.C. § 2254(i).

ORDER OF DISMISSAL – 2

7. Page 9, lines 11-14, the sentencing beginning "The strength of the underlying case" is stricken and replaced with the following: "The strength of the underlying case against petitioner makes it unlikely that petitioner would have exercised the option of going to trial, where the best he could hope for might be what he was currently being offered, the worst would have been a sentence 20 years longer, and the high end of the guidelines range would have been almost 33 years had *Apprendi* immediately invalidated Washington's sentencing scheme." A footnote is added to the end of the sentence:

> At the time of Mr. Mowatt's guilty plea in 2000, and for several years thereafter, the vast majority of courts found that *Apprendi* did not apply to sentences like Mr. Mowatt's that were below the traditional "statutory maximum" as the term was then defined. *See Blakely v. Washington*, 542 U.S. 296, 320 n.1 (2004) (O'Connor, J., dissenting) (citing cases and noting that prior to *Blakely* "only one court had ever applied *Apprendi* to invalidate application of a guidelines scheme"); *Schardt v. Payne*, 414 F.3d 1025, 1035 (9th Cir. 2005) (citing cases). The Washington Supreme Court came to the same conclusion in 2001. *See State v. Gore*, 21 P.3d 262, 276-77 (Wash. 2001).

The succeeding footnote is renumbered accordingly.

8. Page 9, n.5, second textual sentence, "However, again, the" is replaced with "The".

The court DENIES Petitioner's motion for a writ of habeas corpus (Dkt. # 1) and DISMISSES this action with prejudice. The court directs the clerk to send a copy of this order to counsel of record and to Judge Donohue.

Dated this 18th day of December, 2007.

JAMES L. ROBART
United States District Judge

ORDER OF DISMISSAL – 3