UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERRY W. MOWATT,

    Petitioner,

v.

HAROLD CLARKE,

    Respondent.

CASE NO. C06-1590JLR

ORDER

## I. INTRODUCTION

This matter comes before the court on Petitioner's motion for a certificate of appealability ("COA") under 28 U.S.C. § 2253(c) (Dkt. # 42). Petitioner seeks to appeal the court's December 18, 2007 order denying his 28 U.S.C. § 2254 habeas corpus petition (Dkt. # 40). Petitioner moves for relief based on three grounds: (1) he received ineffective assistance of counsel; (2) his guilty plea was not knowing, voluntary and intelligent; and (3) the pro tem judge did not have authority to accept his plea. For the reasons stated below, the court GRANTS the motion as to ineffective assistance of counsel and the knowing, voluntary and intelligent entry of a guilty plea. The court DENIES the motion as to the authority of the pro tem judge.

ORDER – 1

## II. BACKGROUND

Petitioner pled guilty to first-degree murder and was sentenced to 310 months in prison. Rep. and Rec. at 1 (Dkt. # 36). He then filed a motion to withdraw his guilty plea, which the trial court denied. *Id.* at 2. The Washington Court of Appeals affirmed this decision, and the Washington Supreme Court denied a petition for review. *Id.* The Washington Supreme Court also denied Petitioner's personal restraint petition. *Id.* Petitioner then sought a writ of habeas corpus from this court. *Id.* at 2. His petition was denied.

## III. ANALYSIS

Among the substantial changes to federal habeas corpus procedure in the Antiterrorism and Effective Death Penalty Act of 1996 is a rule that a habeas petitioner may appeal the denial of a 28 U.S.C. § 2254 petition only after obtaining a certificate of appealability. 28 U.S.C. § 2253(c); 9th Cir. R. 22-1(a) (providing that a motion for a certificate of appealability must be considered first by the district court); *United States v. Asrar*, 116 F.3d 1268, 1269 (9th Cir. 1997). The standard for granting a COA is relatively low. *Beardslee v. Brown*, 393 F.3d 899, 901 (9th Cir. 2004). To receive a COA, Petitioner must show only that reasonable jurists could debate whether his petition should have been resolved differently or that the issues presented deserve encouragement to proceed further. *Id.* "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.* at 902 (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336–37 (2003)). Petitioner has satisfied the relatively low standard for issuance of a COA on two asserted grounds.

**A.   Ineffective Assistance of Counsel**

Petitioner contends his trial counsel was ineffective because counsel failed to convey information that would have altered his decision to plead guilty. To prevail on a

ORDER – 2

claim of ineffectiveness of counsel, Petitioner must establish that counsel's performance was deficient and that counsel's deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel misinformed Petitioner about the basis of the prosecution's exceptional sentence threat and there is no indication that Petitioner was ever advised of the proper basis. *See* Resp.'s Submission of Record (Dkt. # 17), Ex. 3 at 16–19, Ex. 4 at 38–42, Ex. 6 at 52–53, 57–64. Although this court found counsel's performance to be neither deficient nor prejudicial, another jurist could find that counsel's failure to convey the true basis for the prosecution's threat influenced Petitioner's choice to plead guilty. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (finding prejudice when defendant establishes a reasonable probability that, but for counsel's error, he would not have pled guilty).

**B.     Knowing, Voluntary and Intelligent Guilty Plea**

Petitioner also contends that his guilty plea was not made knowingly, voluntarily and intelligently because counsel did not apprise him of how *Apprendi v. New Jersey*, 530 U.S. 466 (2000),[1] might affect his exceptional sentence. The crux of Petitioner's argument is that counsel's representation was deficient and prejudicial because of this omission. *See Strickland*, 466 U.S. at 688 (requiring counsel to inform defendant of important developments in the course of prosecution). Although this court rejected this claim based on the strength of the evidence and how Washington courts interpreted *Apprendi* at the time, reasonable jurists could debate whether knowledge of *Apprendi* would have changed Petitioner's decision to plead guilty.

---

[1] *Apprendi* held that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490.

ORDER – 3

**C.    Pro Tem Judge**

Finally, Petitioner contends that the pro tem judge who accepted his plea lacked authority to do so because a pro tem judge may only preside over trials and must be appointed by a live judge. The statutory requirements for the pro tem judge's appointment were satisfied when both parties agreed to have him accept Petitioner's plea. *See* Rep. and Rec. at 4. Consequently, Petitioner cannot satisfy even the low threshold for issuance of a COA on this issue.

## IV.  CONCLUSION

The court GRANTS Petitioner's motion for a certificate of appealability as to ineffective assistance of counsel and the knowing, voluntary and intelligent entry of a guilty plea (Dkt. # 42). The court DENIES the motion as to the authority of the pro tem judge.

DATED this 19th day of February, 2008.

JAMES L. ROBART
United States District Judge

ORDER – 4